IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HELEN C. GIGGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number CIV-17-23-C |
| | ) |
| CITY OF OKLAHOMA CITY, | ) |
| a municipal corporation, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff filed a Complaint alleging the City of Oklahoma City violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12102 et seq., by discriminating and retaliating against her based on her age and disability when Plaintiff was terminated from her employment as an Assistant Municipal Counselor. Defendant filed a Partial Motion to Dismiss. (Dkt. No. 9.) Plaintiff responded and the Motion is now at issue.

I: Background

Plaintiff was employed by Defendant as an Assistant Municipal Counselor when she began kidney dialysis treatments three times per week. In early 2016, the Oklahoma City Personnel Department opened discussions regarding a reduction in force. On February 24, 2016, Plaintiff asked Municipal Counselor Kenneth Jordan if she was "being riffed." He replied, "Yes, but nothing is final." He went on to explain that the office had

not met with the City Manager and when this had happened in the past, other options were considered and "nothing is concrete." (Compl., Dkt. No. 1, p. 4.) Mr. Jordan also asked Plaintiff questions about her age, Social Security status, and retirement plans. Mr. Jordan followed up with an e-mail on the same subject. On February 26, 2016, Plaintiff responded to Mr. Jordan's e-mail stating she did not intend to retire and she understood the budget cuts may or may not happen. On March 17, 2016, Plaintiff attended a meeting where Cindy Richard, Deputy Municipal Counselor, told her Plaintiff's position was no longer funded in the budget. Plaintiff expressed that she thought the reduction was disparate treatment and she was told the budget decisions were not final. The same day, Plaintiff sent an e-mail to Ms. Richard with similar complaints.

On April 11, 2016, Mr. Jordan informed Plaintiff that her position was identified for elimination and her employment would terminate on July 1, 2016. Plaintiff sent a memo on May 3, 2016, stating she thought the treatment was age and disability discrimination. In early June, Ms. Richard advised Plaintiff of an opening for a Legal Secretary I, Step I, in the Criminal Justice Division. Plaintiff would be eligible for reassignment if she could pass a typing test.

Plaintiff alleges the reassignment offer was a violation of the Reduction in Force plan because the reassignment was not a position with a similar level of difficulty and responsibility as her previous position. She formally declined to test for the position on June 24 because it required at least three years of legal secretary experience, a qualification

Plaintiff did not possess. On June 29, 2016, Plaintiff received a memo entitled Final Notice of Reduction in Force stating her termination was effective the next day as a result of a 5.5% general fund reduction implemented by the City Council on June 14, 2016.

II: Standard

Defendant argues the retaliation claim, or Count III, must be dismissed for failure to state a claim. The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a pleading must contain enough allegations of fact which, when taken as true, "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss. Id. Thus, the starting point in resolving Defendant's Motion is to examine the factual allegations supporting the claim Defendant wishes the Court to dismiss. The Court will accept all well-pleaded factual allegations in the pleadings as true and construe them in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). However, conclusory allegations need not be accepted as true. Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011).

III: Analysis

For Plaintiff to establish a prima facie case of retaliation,[*] she must prove she "engaged in a protected activity; (2) [s]he was subjected to an adverse employment action subsequent to or contemporaneous with the protected activity; and (3) there was a causal connection between the protected activity and the adverse employment action." Foster v. Mountain Coal Co., LLC, 830 F.3d 1178, 1187 (10th Cir. 2016) (internal quotation marks and citation omitted). Defendant does not challenge the first element.

Defendant argues Plaintiff failed to state a claim because the Complaint does not set out facts that establish a causal connection between her objection to the reduction in force and the retaliation because the objection came after Plaintiff learned she would be terminated. Plaintiff responds that her protected activity, the opposition to the reduction in force, took place before the retaliation because the decision to terminate her position was not final until June 29, 2016. She contends that any discussion regarding the reduction in force prior to June 29 was preliminary because she was assured "nothing is concrete" and the reduction "may or may not occur." (Compl., Dkt. No. 1, pp. 4, 6.)

The facts plausibly make out a claim that the decision to terminate Plaintiff's position was not final until at least April 11, possibly as late as June 29, after Plaintiff stated her objections to Ms. Richard in person and in writing. The facts alleged are sufficient to

---

[*] The elements for both an ADA and ADEA retaliation claim are substantially the same. Compare Foster v. Mountain Coal Co., LLC, 830 F.3d 1178, 1187 (10th Cir. 2016) (ADA retaliation) with MacKenzie v. City & Cty. of Denver, 414 F.3d 1266, 1278-79 (10th Cir. 2005) (ADEA retaliation).

show a causal connection at the prima facie stage due to the temporal proximity between Plaintiff's complaints and her termination. Foster, 830 F.3d at 1191 (reiterating that a "one and one-half month period between protected activity and adverse action may, by itself, establish causation") (citation omitted). Accordingly, the Motion is denied.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion for Partial Dismissal (Dkt. No. 7) is DENIED.

IT IS SO ORDERED this 13th day of March, 2017.

ROBIN J. CAUTHRON
United States District Judge